1

2

3                                                              O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,      )   Case No. CR 14-00684  DDP (18)
                                     )
12                  Plaintiff,       )   **ORDER GRANTING MOTION TO DISMISS**
                                     )   **INFORMATION**
13        v.                         )
                                     )   [Dkt. No. 746]
14                                   )
     ASHLEY PAGAN,                   )
15                                   )
                                     )
16                  Defendants.      )
17   _____ )

18        Before this Court is Defendant's Motion to Dismiss the

19   Government's Information of a prior felony drug conviction filed

20   pursuant to 21 U.S.C. § 851.  (Mot. Dismiss ("MTD") at 3:5-7.)  The

21   Government filed an opposition to this motion on February 29, 2016.

22   (Opp'n, Dkt. No. 756.)  Defendant filed a reply on March 12, 2016;

23   however, the deadline for the reply was March 7, 2016.  (Reply,

24   Dkt. No. 773; but see Order, Dkt. No. 752 (holding that the

25   Government's Opposition was due February 29, 2016, and Defendant's

26   Reply was due March 7, 2016).)  The Government has not objected to

27   Defendant's reply and thus the Court will consider it.

28   ///

     ///

## I.   BACKGROUND

On December 3, 2014, Defendant was indicted on two counts: (1) violation of 18 U.S.C. § 1962(d): racketeer influenced and corrupt organizations conspiracy; and (2) violation of 21 U.S.C. § 846: conspiracy to distribute controlled substances. (Indictment, Dkt. No. 1.)

On September 1, 2015, the Government filed an Information pursuant to 21 U.S.C. § 851 about Defendant's prior felony drug conviction in California state court in order to enhance his potential sentence. (MTD at 3:5-7.) Subsequently, on December 2, 2015, Defendant's prior conviction was reduced to a misdemeanor pursuant to California's Proposition 47, California Penal Code § 1170.18. (Id. at 9-11.) Therefore, Defendant now alleges that he no longer has a qualifying felony drug conviction pursuant to the sentencing enhancements under 21 U.S.C. § 841 and thus, the information should be dismissed. (Id. at 11-13.)

The Government opposes this Motion, arguing: (1) Defendant's prior conviction was a "felony" at the time he committed the offense, thus the subsequent redesignation of the felony as a misdemeanor is of no consequence for sentencing matters; (2) despite a California court's redesignation of the prior conviction as a misdemeanor, federal law can still be applied to the conviction; and (3) California's Proposition 47 does not apply retroactively. (Opp'n at 5, 8, 10.)

## II.  LEGAL STANDARD

A party may file a motion to dismiss under Federal Rule of Criminal Procedure 12 alleging a defect in the indictment or

information, including for failure to state an offense.  Fed. R.
Crim. Pro. 12(b)(3)(B)(v).

**III. DISCUSSION**

    **A.   Defendant's Motion to Dismiss Arguments**

Defendant alleges that the relevant sentencing provision in
this case is 21 U.S.C. § 841(b)(1)(B)(iii), which provides that a
defendant in violation of this subsection "shall be sentenced to a
term of imprisonment which may not be less than 5 years . . . .  If
any person commits such a violation after a [prior] conviction for
a felony drug offense has become final, such person shall be
sentenced to a term of imprisonment which may not be less than 10
years . . . ."  (MTD at 3:19-24 (quoting 21 U.S.C. §
841(b)(1)(B)(iii)) (emphasis removed) (alterations by Court for
consistency with statute).)

The procedures for establishing a prior offense in order to
enhance a potential sentence is set forth in 21 U.S.C. § 851(a),
which provides that "[n]o person who stands convicted of an offense
under this part shall be sentenced to increased punishment by
reason of one or more prior convictions, unless before trial, or
before entry of a plea of guilty, the United States attorney files
an information with the court (and serves a copy of such
information on the person or counsel for the person) stating in
writing the previous convictions to be relied upon. . . ."  21
U.S.C. § 851(a).  Section 851(b) provides that "[i]f the United
States attorney files an information under this section, the court
shall after conviction but before pronouncement of sentence inquire
of the person with respect to whom the information was filed
whether he affirms or denies that he has been previously convicted

1  as alleged in the information, and shall inform him that any
2  challenge to a prior conviction which is not made before sentence
3  is imposed may not thereafter be raised to attack the sentence."
4  21 U.S.C. § 851.

5       Defendant alleges that because his prior felony conviction was
6  redesignated as a misdemeanor by California's Proposition 47,
7  California Penal Code § 1170.18, the federal statutory sentence
8  enhancements under §§ 841 and 851 are inapplicable and the
9  Information should be dismissed as a matter of law.  (MTD at 4:9-
10  14.)  Defendant relies on two California District Court cases.
11  (Id. at 4:15-22.)  In one, the court granted a motion for
12  resentencing in a § 2255 case, and in the other, the court granted
13  a pretrial motion to dismiss an information pursuant to § 851.
14  United States v. Summey, EDCR 08-0181-VAP (C.D. Cal. Sept. 30,
15  2015) (slip op., Dkt. No. 75) (resentencing) (Phillips, J.); United
16  States v. Norwood, CR 13-0388-RGK-2, 2016 WL 269571 (C.D. Cal. Jan.
17  15, 2016) (slip op.) (motion to dismiss) (Klausner, J.).

18            1.   **United States v. Summey**

19       In Summey, on September 17, 2008, the petitioner was indicted
20  on two counts: (1) for distribution of cocaine base; and (2) felon
21  in possession of a firearm.  Summey, EDCR 08-0181-VAP, slip op. at
22  1.  On October 17, 2008, the government filed an information for
23  sentencing enhancement purposes pursuant to § 851 alleging that the
24  petitioner had a prior conviction for a felony drug offense in
25  California Superior Court.  Id. at 1-2.  On February 9, 2010, the
26  petitioner signed a plea agreement and on February 17, 2010, the
27  petitioner pleaded guilty to both counts.  Id. at 2.  On September
28  13, 2010, the petitioner was sentenced to a term of 120 months, the

4

1  minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iii) for a

2  defendant who has a prior felony drug conviction. <u>Summey</u>, EDCR 08-

3  0181-VAP, at 2.  On January 29, 2015, the petitioner's prior drug

4  conviction was retroactively designated as a misdemeanor pursuant

5  to California Proposition 47.  <u>Id.</u> at 3.

6      The petitioner subsequently brought a § 2255 motion arguing

7  that because his prior drug conviction was now a misdemeanor, it

8  could not lawfully serve as a prior felony drug conviction for

9  purposes of a sentencing enhancement under 21 U.S.C. §

10 841(b)(1)(B)(iii).  <u>Summey</u>, EDCR 08-0181-VAP, at 3.  The government

11 objected to the petitioner's motion for resentencing, arguing that

12 even if the conviction were reduced to a misdemeanor before

13 sentencing, it would still constitute a predicate felony for

14 purposes of sentencing enhancement.  <u>Id.</u> at 6.

15     The court rejected the government's argument, holding that

16 while the interpretation of the terms "conviction" and "final" in

17 21 U.S.C. § 841 are questions determined by federal law, the term

18 "felony drug offense" is defined by state law pursuant to 21 U.S.C.

19 § 802(44).[1]  <u>Summey</u>, EDCR 08-0181-VAP, at 8.  The court held that

20 the California Superior Court had determined that the prior offense

21 was, as a matter of state law,[2] a misdemeanor.  <u>Id.</u> at 8-9.  The

22 court held that this determination was made pursuant to a

23 California statute that expressly applies retroactively to prior

24

25     [1]    "The term 'felony drug offense' means an offense that is
       punishable by imprisonment for more than one year under any law of
26     the United States or of a State or foreign country that prohibits
       or restricts conduct relating to narcotic drugs, marihuana,
27     anabolic steroids, or depressant or stimulant substances."  21
       U.S.C. § 802(44).

28     [2]    Proposition 47, California Penal Code § 1170.18.

convictions.  <u>Id.</u> at 9.  Proposition 47, California Penal Code §

1170.18 provides in relevant part:

> (f)  A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors.
>
> (g)  If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor.
>
> . . . .
>
> (k)  Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6.

Cal. Penal Code § 1170.18.

The court rejected the government's citation to <u>U.S. v.</u>

<u>McGlory</u>, 968 F.2d 309 (3rd Cir. 1992), which denied an appellate

challenge to a defendant's enhanced sentence mounted on the basis

of subsequent changes in state law.  <u>Summey</u>, EDCR 08-0181-VAP, at

10.  The court distinguished <u>McGlory</u> by stating that the state law

in <u>McGlory</u> did not apply retroactively, whereas Proposition 47,

California Penal Code § 1170.18, expressly applies retroactively.

<u>Summey</u>, EDCR 08-0181-VAP, at 10.  Therefore, the court held that

the conviction could not serve as a prior conviction of a felony

drug offense for purposes of a sentencing enhancement under 21

U.S.C. § 841 and subsequently resentenced the defendant.  <u>Summey</u>,

EDCR 08-0181-VAP, at 11.

6

## 2.   United States v. Norwood

In <u>Norwood</u>, the defendant was indicted on two counts for felony drug possession in violation of § 841 on May 30, 2013. <u>United States v. Norwood</u>, CR 13-0388-RGK, 2016 WL 269571, at *1. On September 6, 2013, the government filed an information alleging that the defendant had a prior felony drug conviction from February 2007 in California state court.  <u>Id.</u>  Subsequently, on July 28, 2015, the Los Angeles County Superior Court found that the defendant was eligible to have his conviction reduced to a misdemeanor pursuant to California's Proposition 47.  <u>Id.</u> Consequently, the Superior Court reduced the defendant's prior felony to a misdemeanor.  <u>Id.</u>  Then, the defendant moved to dismiss the information in his federal case, arguing that his previous conviction was now a misdemeanor and inapplicable to enhance his sentenced under § 841.  <u>Id.</u>

The court stated that Proposition 47, California Penal Code 1170.18, provides for redesignation of felonies as misdemeanors in a "nearly automatic" process.  <u>Id.</u> at *2.  The court referred to § 1170.18(k)'s provision that any redesignated felony conviction "shall be considered a misdemeanor for all purposes."  <u>Id.</u>  The statute also provides for a liberal construction and application in order to effectuate the purposes of the Proposition.  <u>Id.</u> (citing sections 15 and 18 of Proposition 47).

Next, the court stated that construction of 21 U.S.C. § 841 is a mixed question of federal law and state law.  <u>United States v. Norwood</u>, CR 13-0388-RGK, at *2-3.  The court stated that the terms "conviction" and "final" in § 841 are defined under federal law and that expunged and dismissed state convictions still qualify as

7

prior convictions under § 841 if the expungement or dismissal did not alter the legality of the conviction.  Id.  However, the court stated that the term "felony drug offense" is defined with explicit reference to state law.  Id. (citing 21 U.S.C. § 802(44)).

The court looked at the decision in Summey, and agreed that the case was resolved by the definition of "felony drug offense" rather than "final" or "conviction."  Id. at *3-5.  The court held that Proposition 47 applies retroactively to prior drug convictions and for "all purposes" under the language of the statute.  Id. at *4-5.  The court stated that the defendant was "no longer convicted of a 'felony drug offense,' as alleged in the information, nor was he ever in terms of Proposition 47."  Id. at *4.  Thus, the court dismissed the information.  Id. at *7.

**B.   Government's Opposition**

The Government argues here that under § 841, the felony status of a defendant's prior conviction should be determined — at the latest — as of the time the defendant committed the instant offense.  (Opp'n at 5.)  Here, the Government argues, when Defendant committed his prior and his instant offenses, the prior offense was considered a felony.  (Id.)  Thus, the Government submits that this prior conviction should be treated as a felony for sentencing procedures even if state law later redesignated the offense to be a misdemeanor.  (Id.)

The Government alleges that for the purposes of § 841, the Ninth Circuit has held that an expunged or dismissed state conviction still qualifies as a prior conviction if the expungement or dismissal does not alter the legality of the conviction or does not represent that the defendant was actually innocent of the

1  crime.  (Id. at 9 (citing United States v. Norbury, 492 F.3d 1012,
2  1015 (9th Cir. 2007)).)  The Government argues that Defendant's
3  prior felony drug conviction here qualifies as a prior conviction
4  under § 841 because the redesignation of a felony as a misdemeanor
5  under Proposition 47 does not alter the conviction's underlying
6  lawfulness.  (Id.)  The Government further alleges that the
7  redesignation is simply for policy concerns and points to the
8  alleged intent of Proposition 47.  (Id. at 9-10.)  This intent,
9  according to the Government, "was monetary savings through criminal
10 justice reform" and that the measure was designed to "save
11 significant state corrections dollars."  (Id. at 9 (citing
12 California General Election November 4, 2014 Official voter
13 Information Guide at 70).)

14      The Government urges the Court to consider McNeill v. United
15 States, 563 U.S. 816, 131 S. Ct. 2218, 2220-22 (2011), and United
16 States v. Spearman, CR 93-01027-TJH (C.D. Cal. Nov. 30, 2015)
17 (Hatter, Jr., J.), instead of Norwood or Summey for guidance.

18              **1.  McNeill v. United States**

19      In McNeill, the Supreme Court held that under the proper
20 construction of the Armed Career Criminal Act ("ACCA"), the time to
21 determine whether an offense under state law is a "serious drug
22 offense" is at the time the defendant was convicted of the prior
23 state offense.  McNeill, 131 S. Ct. at 2224.  The defendant in that
24 case sustained state drug trafficking convictions that carried a
25 ten-year maximum sentence at the time the defendant committed those
26 offenses.  Id. at 2221.  Subsequently, North Carolina reduced the
27 maximum penalty for those offenses such that the maximum penalty
28 was thirty-eight months at the time the defendant was sentenced on

his federal offense of being a felon in possession of a firearm. Id. The Court noted that the ACCA requires the court to determine whether a previous conviction was for a serious drug offense and that the only way to answer this backward-looking question is to consult the law that applied at the time of that conviction. Id. at 2222 (citing ACCA, 18 U.S.C. § 924(e)(2)(A)(ii)).

Like in McNeill, the Government argues here that § 841 applies to sentencing enhancements based on "prior convictions," and the only way to engage in that backward-looking inquiry is to consult the maximum penalty that was applicable at the time of the defendant's prior state conviction. (Opp'n at 6.) The Government adds that "it cannot be correct that subsequent changes in state law can erase an earlier conviction for [§ 841] purposes." Id. (quoting and altering McNeill, 131 S. Ct. at 2223).

### 2.   United States v. Spearman

In Spearman, the defendant was convicted of a drug offense in violation of § 841(a)(1) in 1995. Spearman, CR 93-01027, slip op. at 1-2. Prior to sentencing, the government introduced an information pursuant to § 851 alleging that the defendant had four prior state drug felony convictions. Id. at 1-2. Based on the prior convictions, the defendant received a life sentence pursuant to § 841. Id. On June 12, 2015, the Los Angeles County Superior Court reduced the defendant's three prior felony convictions to misdemeanors pursuant to California Penal Code § 1170.18(k). Id. at 2. Because Proposition 47 reduced three of the prior felonies to misdemeanors, the defendant requested the federal court reduce his life sentence. Id.

1    The court stated that whether a conviction is final for
2    purposes of § 841 is a question of federal law. Id. The court
3    stated that Ninth Circuit precedent provides that a district court
4    can only reconsider the 28 U.S.C. § 841(b)(1) sentence if an
5    underlying prior conviction that was "final" at the time of the
6    federal sentence was subsequently found to be unlawful. Spearman,
7    CR 93-01027, slip op. at 2 (citing United States v. Norbury, 492
8    F.3d 1012, 1015 (9th Cir. 2007)). A prior conviction is unlawful
9    in this context only if there is a finding of actual innocence or
10   trial error. Id. at 2-3. The court held that since the
11   redesignation of the defendant's prior drug convictions pursuant to
12   Proposition 47 was not based on a finding of actual innocence or
13   trial error, the defendant was not entitled to a sentence reduction
14   because the prior conviction was "final." Id. at 3.

15       However, the court noted that the Ninth Circuit may need to
16   revisit Norbury and other related Ninth Circuit cases holding that
17   § 841(b)(1)(A) is temporal rather than substantive. Id. The court
18   stated that "[n]either Congress nor the Ninth Circuit could have
19   anticipated how significantly Proposition 47 would reform criminal
20   justice in California." Id.

21               **3.   Retroactive Application**

22       Further, the Government argues that Proposition 47 does not
23   apply retroactively and thus should not be applied to Defendant's
24   prior conviction for sentencing purposes. (Opp'n at 10.) The
25   Government argues that there is no indication in the statutory text
26   that voters intended Proposition 47 to apply retroactively and
27   nullify recidivist enhancement for unrelated convictions. (Id. at
28   11.) Additionally, the government states that "the California

                                 11

1    Supreme Court has held that under California Penal Code § 17(b),

2    the 'charge remains a felony until a contrary pronouncement of

3    judgment occurs,' such that '[i]f ultimately a misdemeanor sentence

4    is imposed, the offense is a misdemeanor from that point on, but

5    not retroactively.'" (Id. (citing People v. Feyer, 48 Cal. 4th

6    426, 439 (2010)).)

7        The Government also primarily relies on two California Court

8    of Appeal cases[3] to show that the redesignation of a defendant's

9    prior felony as a misdemeanor "for all purposes" is prospective

10   only and does not affect a defendant's federal sentence. (Opp'n.

11   at 12.) First, the Government relies on People v. Perez, 190 Cal.

12   Rptr. 3d 738 (2015), pet. for review granted, 360 P.3d 78 (Nov. 18,

13   2015) (No. S229046), where the court affirmed a ruling that the

14   language of Proposition 47 providing that a redesignated conviction

15   "shall be considered a misdemeanor of all purposes" did not apply

16   retroactively, and further held that Proposition 47 "does not speak

17   to pendent or ancillary offenses, but only to the offenses listed

18   therein." The Government also relies on People v. Eandi, 190 Cal.

19   Rptr. 3d 923, 925-26 (2015), pet. for review granted, 360 P.3d 78

20   (Nov. 18, 2015)(No. S229305), where the court stated that "the

21   initiative did not purport to exercise a power to go back in time

22   and alter the felony status of every affected offense in every

23   context." Therefore, the Government argues this Court should find

24   Proposition 47 is not retroactive in this federal context.

25

26        [3] The Government also cited in its briefing and at oral
27   argument the case People v. Rivera, 233 Cal. App. 4th 1085, 1100-01
     (2015). This case held felony to misdemeanor redesignation under
28   Proposition 47 was not retroactive as it related to asserting
     appellate jurisdiction, an issue not relevant here.

**C.   Court's Analysis**

This case is similar to <u>Norwood</u>.  Like in <u>Norwood</u>, Defendant here was indicted for a felony drug possession in violation of § 841, and the government has filed an Information alleging that Defendant has a prior felony drug conviction under §§ 851 and 841. Similarly, the Los Angeles County Superior Court reduced Defendant's prior conviction alleged in the Information to a misdemeanor under Proposition 47 after the Information was filed, just as occurred in <u>Norwood</u>.  <u>Summey</u> and <u>Spearman</u> were § 2255 cases involving slightly different facts, although both recognized — one by resentencing the Defendant, the other as a note to the Ninth Circuit — that the intentions behind both Proposition 47 and the federal sentencing enhancement in § 841 are better served by considering the prior offense as a misdemeanor after its redesignation as such by the state court.

Further, the Court is persuaded by the reasoning in <u>Summey</u> and <u>Norwood</u> that the reach of Proposition 47 is retroactive according to its plain language.  By stating "for all purposes," the statute was indicating that it was intended to make a change in the total effect of the past offense.  Further, as the court noted in <u>Norwood</u>, the California Supreme Court in <u>People v. Park</u>, 56 Cal. 4th 782, 802-03 (2013), "suggested that felonies remained felonies up until they were reclassified as misdemeanors, once the felony is indeed reclassified as a misdemeanor, it becomes a misdemeanor even for backward looking laws such as California's Three Strikes Law." <u>Norwood</u>, 2016 WL 269571, at *7.

<u>Spearman</u> is distinguishable because unlike in <u>Spearman</u> where the defendant was already convicted and sentenced to life

13

1   imprisonment, here Defendant has not been convicted or sentenced
2   for his federal felony indictment.  Further, the relevant statutory
3   language at issue in this case is not whether a previous offense is
4   "final" under § 841, but instead is whether the prior offense is a
5   "felony drug offense" under § 802.  The definition of "felony drug
6   offense" in § 802(44) requires that the alleged offense "*is*
7   punishable by imprisonment for more than one year under any law of
8   the United States or of a State."  21 U.S.C. § 802(44).  The
9   previous offense must meet this requirement before the
10  consideration of "final" or "conviction" come into play — a final
11  conviction for a misdemeanor punishable by less than a year does
12  not qualify as an enhancement under § 841.

13      As to retroactivity, the court in Norwood stated that even
14  with the Supreme Court's holding in McNeill, the Supreme Court
15  expressly left an open question as to whether federal courts should
16  consider the effect of state action when a state subsequently
17  lowers the maximum penalty applicable to an offense and makes that
18  reduction available to defendants previously convicted and
19  sentenced for that offense.  United States v. Norwood, CR 13-0388-
20  RGK, slip op. at 6.  Thus, the decision in McNeill does not control
21  the outcome of this case.

22      What is controlling is the language of the statutes.  Both
23  Proposition 47, as codified, and § 802(44) point to retroactive
24  application of state law here.  Proposition 47, as described above,
25  contains both an explicit reference to retroactivity as well as has
26  the purpose and effect of changing current felonies into current
27  misdemeanors.  As to the federal law, § 802(44) defines a "felony
28  drug offense" in the present sense, meaning that the prior offense

14

must be one that "*is*" punishable by imprisonment of more than a year — and Defendant's alleged crime is no longer punishable as a felony in California after Proposition 47.

The Court also notes that Congress in enacting these statutory sentence enhancements could have indicated that the time examined for determining whether something is a "felony drug offense" is just the length of the sentence of conviction rather than anything else. Congress has done this in the Sentencing Guidelines for calculating criminal history categories, for example. See, e.g., USSG § 4A1.1. There, it does not matter what happens to state law after the fact or if a prior offense is expunged or reclassified. However here, the language of the statute indicates that what matters is the law of the relevant jurisdiction now.

Lastly, the government's argument that § 841 still applies to prior convictions that have been expunged or dismissed is unpersuasive. As the court in Norwood stated, "Proposition 47 is not an expungement or dismissal of a state conviction — it is instead a *redesignation* of a state conviction. This is not a mere distinction without a difference." United States v. Norwood, CR 13-0388-RGK, at *5. The court further stated:

> While expungements or certain dismissals may not indicate that the State has changed its perception of the wrongfulness of conduct, in contrast, Proposition 47 (1) reduced the maximum sentence, (2) provided a resentencing remedy, and (3) provided a redesignation remedy. Proposition 47 therefore reflects the position that California voters do not believe possession of controlled substances under section 11250 should have ever been treated as conduct worthy of a felony. California voters were also willing to ante up to this position, by allowing even convicted felons (now misdemeanants) currently serving sentences to have their sentences reduced.

1   *Id.* According to the court in <u>Norwood</u>, and this Court agrees, this

2   articulated purpose and statutory construction makes the

3   redesignation in Proposition 47 different from expungements and

4   dismissals that may not otherwise make a difference for federal

5   sentencing purposes.

6       Therefore, because Defendant is "for all purposes" a

7   misdemeanant in his prior offense alleged in the Information, that

8   prior offense does not qualify as a "felony drug offense" under

9   California state law and 21 U.S.C. § 841(b). Thus, Defendant's

10  alleged prior conviction cannot enhance Defendant's potential

11  federal sentence here.

12  **IV.   CONCLUSION**

13      For all the reasons discussed above, the Court GRANTS

14  Defendant's Motion to Dismiss the Information.

15

16  IT IS SO ORDERED.

17

18  Dated: April 1, 2016

19                       DEAN D. PREGERSON
                         United States District Judge

20

21

22

23

24

25

26

27

28