UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR14-684-CAS-18 | Date | September 26, 2016 |
|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | N/A |
|---|---|

| Catherine Jeang | Laura Elias | Benjamin Barron<br>Vicki Chou |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder,*<br>*Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 18) Ashley Pagan | X | X | | 18) Anthony Eaglin | X | | X |

**Proceedings:**   DEFENDANT'S MOTION TO SEVER (Filed August 28, 2016, Dkt. 905)

## I.   INTRODUCTION

On December 3, 2014, a grand jury returned a 45-count indictment against 38 defendants. The indictment charges Ashley Pagan in Count 1 with Racketeer Influenced Corrupt Organizations Conspiracy ("RICO Conspiracy"), in violation of 18 U.S.C. § 1962(d), and in Count 4 with Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846.[1]

On August 28, 2016, Pagan filed the instant motion seeking severance from his codefendants and a separate trial. Dkt. 905. On September 2, 2016, the Government filed an opposition. Dkt. 912. On September 8, 2016, Pagan filed a reply. Dkt. 920.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND AND PROCEDURAL HISTORY

The indictment charges Pagan with two types of conspiracy in support of the Hazard Street Gang, RICO conspiracy (Count 1) and drug-trafficking conspiracy (Count 4). The indictment alleges 208 overt acts in association with both purported conspiracies and 18

---

[1] This case has numerous codefendants, none of whom have joined in Pagan's present motion. For purposes of this order, the Court will refer to Pagan as "defendant."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

additional overt acts in association with the purported drug-trafficking conspiracy. Nine of the alleged overt acts relate to Pagan. The parties estimate that the trial in this matter will last four to six weeks and, of the 38 defendants charged in the indictment, 20 are currently awaiting trial.

Trial in this case has been repeatedly continued. After a grand jury returned the indictment on December 3, 2016, Pagan was arrested and arraigned on December 10, 2014. Since his arrest, Pagan has been detained pending trial. The first trial date was set for February 3, 2015. On January 15, 2015, defendant joined in a stipulation to continue the trial date from February 3, 2015, to January 26, 2016, Dkt. 355, which the Court granted, Dkt. 392. On November 9, 2015, the Government filed a second stipulation to continue the trial from January 26, 2015, to November 1, 2016. Dkt. 664. Twenty three of Pagan's codefendants signed the stipulation. Pagan did not join in the stipulation and, with two other codefendants, objected to a continuance of the trial until November 1, 2016. In granting a continuance until November 1, 2016, the Court concluded, "the requested continuance is a reasonable period of delay for the defendants who did not join in the stipulation, for whom time for trial has not run and no motion for severance has been made or granted." Dkt. 672.

On September 2, 2016, while Pagan's severance motion was pending, the Government filed a stipulation to continue the trial from November 1, 2016, to June 13, 2017 ("the September stipulation"). Dkt. 911. Eighteen of the remaining twenty defendants joined in the stipulation to continue the trial again. Id. Pagan did not.

On July 14, 2016, and July 18, 2016, for good cause, Amy Jacks and David McLane were respectively appointed to represent defendants Jackson and M. Morales. In light of the voluminous discovery and necessary preparation, Jackson and Morales joined the September stipulation to continue trial until June 2017. The September stipulation also describes numerous other trial conflicts among counsel for five other codefendants. Those attorneys with conflicts, "will not have the time that they believe is necessary to prepare or to try this case on a date earlier than [June 13, 2017]." Dkt. 911 at 9. Accordingly, the Court has continued the trial on this matter, for all defendants, until June 13, 2017. Dkt. 916.

Pagan requests that, rather than conduct a joint trial for all codefendants in June 2017 the Court sever the case against him and allow it to proceed on November 1, 2016.

## III. DISCUSSION

Pagan does not contest that he was properly joined with his codefendants. However, even where initial joinder was proper, "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

"Generally, defendants who are indicted together in federal court should be jointly tried." United States v. Tootick, 952 F.2d 1078, 1080 (9th Cir. 1991). "Joinder is favored in federal criminal cases largely for reasons of judicial economy and efficiency, despite some degree of bias inherent in joint trials." Id. Joinder is especially favored when a conspiracy is charged because much of the evidence admitted against one defendant would be admissible against the other—even in a separate trial—as proof of the conspiracy. United States v. Cruz, 127 F.3d 791, 799 (9th Cir. 1997), abrogated on other grounds by United States v. Jiminez Recio, 537 U.S. 270 (2003). Severance is proper, "only if there is a serious risk that a joint trial would compromise a specific trial right . . . or prevent a jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). The defendant seeking severance must show that a joint trial would violate "one of his substantive rights." United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980). "In other words, the prejudice must have been of such magnitude that the defendant was denied a fair trial." Id.

Defendant argues that a joint trial, in light of the Court's most recent continuance, will violate his right to a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(6), and the Sixth Amendment of the United States Constitution.

### A.     Further Delay Does Not Violate the Speedy Trial Act

"It is well established that an exclusion from the Speedy Trial clock for one defendant applies to all codefendants." United States v. Messer, 197 F.3d 330, 336 (9th Cir. 1999). In calculating the Speedy Trial clock for defendant, the court may exclude a "*reasonable* period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6) (emphasis added). Pagan challenges the reasonableness of the delay from November 1, 2016, to June 13, 2017 as applied to him pursuant to the Court's most recent continuance. To determine the reasonableness of the delay, "courts look particularly to whether the delay was necessary to [effectuate a joint trial] and to whether there was any actual prejudice suffered by" defendant. United States v. Hall, 181 F.3d 1057, 1062 (9th Cir. 1999) (internal quotations omitted). However, Hall does not establish a simple, two-factor test. United States v. Messer, 197 F.3d 330, 338 (9th Cir. 1999) ("the proper test is whether the totality of the circumstances warrants a conclusion that the delay was unreasonable").

Pagan has demonstrated some prejudice as a result of additional delay. The Court acknowledges that Pagan has been detained pending trial, and that his detention is an important factor in determining the reasonableness of further delay. See Messer, 197 F.3d at 338.

However, Pagan points to no specific risk that he will be prejudiced from the loss of evidence or any other source of prejudice. The general risk of lost evidence and fading memories affects all parties to this case. Under the totality of the circumstances, the prejudice to Pagan does not appear to outweigh other considerations.

In granting the most recent continuance, the Court concluded that the continuance furthered the ends of justice. Dkt. 916. "The exclusion of delay resulting from an ends-of-justice continuance is the most open-ended type of exclusion recognized under the Act and, in allowing district courts to grant such continuances, Congress clearly meant to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases." Zedner v. United States, 547 U.S. 489, 508 (2006). Section 3161(h)(7)(B) of the Speedy Trial Action lists factors the Court must consider in deciding whether or not to grant a continuance. Having weighed those factors already, the Court declines to reconsider its earlier order continuing the trial until June 13, 2017. The Court granted its most recent continuance of the joint trial in light of the complexity of the present case, the number of defendants, counsels' many conflicting trial obligations, and the amount of preparation required of defendants' counsel. Dkt. 916.

The decision whether to sever properly joined defendants under Rule 14 is "committed to the sound discretion of the trial court." United States v. Adams, 581 F.2d 193, 197 (9th Cir. 1978). The ends of justice and judicial efficiency are best served by continuing the trial in this matter until June 2017. In light of the totality of the circumstances present in this case, other considerations outweigh the risk of prejudice to Pagan from further delay. Accordingly, the Court concludes that a continuance from November 1, 2016, until June 13, 2017, is a reasonable period of delay pursuant to 18 U.S.C. § 3161(h)(6) and may be excluded with respect to Pagan's Speedy Trial clock. Accordingly, Pagan has not demonstrated that severance is necessary to protect one of Pagan's "substantive rights." Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980).

**B.    Further Delay Does Not Violate Pagan's Sixth Amendment Right to a Speedy Trial**

Nor has Pagan demonstrated severance is necessary to protect his Sixth Amendment right to a speedy trial. The Speedy Trial Act is ordinarily more demanding than the Sixth Amendment. See United States v. Nance, 666 F.2d 353, 360 (9th Cir. 1982) (Congress enacted the Speedy Trial Act "in part out of dissatisfaction with sixth amendment speedy trial jurisprudence, and to put more life into defendants' speedy trial rights"). However, the two are separate rights and inquiries. The Sixth Amendment to the U.S. Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The Court applies a four factor balancing test, set forth in Barker v. Wingo, 407 U.S. 514 (1972), to determine whether a defendant's speedy trial rights have been violated. The court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

must balance: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted the right; and (4) whether the defendant suffered prejudice as a result of the delay.  See Barker, 407 U.S. at 530 (1972); McNeely v. Blanas, 336 F.3d 822, 826 (9th Cir.2003).

The Court first considers the length of the delay, which is a triggering mechanism for the remainder of the speedy trial right inquiry. "[O]nly if the delay is 'presumptively prejudicial' is there a need to inquire into the other factors." United States v. Tanh Huu Lam, 251 F.3d 852, 856 n.4 (9th Cir. 2001).  Ordinarily, a delay approaching one year is presumptively prejudicial. Doggett v. United States, 505 U.S. 647, 652 n. 1 (1992).  The Ninth Circuit has concluded that a shorter period may be presumptively prejudicial.  United States v. Simmons, 536 F.2d 827, 831 (9th Cir. 1976) (six-month delay in forgery case is "borderline").  A "delay attributable to the defendant's own acts or to tactical decisions by defense counsel will not bolster defendant's speedy trial argument."  McNeely, 336 F.3d at 827.

In this case, Pagan stipulated to the first trial continuance from February 3, 2015, to January 26, 2016.  Pagan first objected to further delay when the Court continued trial from January 26, 2016, to November 1, 2016.  Accordingly, in light of the most recent continuance, the relevant delay is from January 26, 2016, to June 13, 2017.  Even though a delay of seventeen months may be prejudicial, courts have approved similarly long delays in complex cases.  See e.g. United States v. Gregory, 322 F.3d 1157 (9th Cir. 2003) (reversing the district court and concluding that 22-month delay caused by government negligence did not violate Sixth Amendment because defendant failed to demonstrate prejudice).  In light of the complexity of this case and the extensive preparation it requires, a 17-month delay is not necessarily a Sixth Amendment violation.  The Court proceeds to evaluate the remaining three Barker factors.

Regarding the reason for the delay, the prosecutor and courts have a constitutional duty to act in good faith and make a "diligent effort to bring him to trial quickly."  McNeely, 336 F.3d at 826.  However, Pagan does not argue that delay has been caused by bad faith or a lack of due diligence.  The reason for the delay in this case is that it is complex, involves voluminous discovery, involves 20 defendants, and requires substantial preparation by the parties.  The trial is expected to last between four and six weeks. Further complicating matters is the reality that new counsel was appointed for two defendants in July 2016.  It is unreasonable to expect they could be prepared for trial on November 1, 2016, and they joined in the most recent continuance request.  The attorneys for five other defendants have trial conflicts requiring a continuance until June 13, 2017.  Accordingly, this factor militates heavily against finding a violation of the Sixth Amendment from additional delay.

Pagan has plainly asserted his Sixth Amendment rights now.  However, it is unclear whether Pagan asserted his Sixth Amendment rights on November 9, 2015, or more recently, on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

August 26, 2016. The Ninth Circuit has found this factor to be neutral where the defendant failed to assert the right prior to the entire delay at issue. See Khalifa v. Cash, 594 F. App'x 339, 341 (9th Cir. 2014). In the stipulation to continue trial from January 2016 to November 2016, the Government noted that Pagan objected to the continuance. Dkt. 664. The precise basis for Pagan's objection in November 2015, is uncertain because Pagan did not seek a severance or file a motion regarding his Sixth Amendment rights until August 26, 2016. Accordingly, Pagan may not have asserted his Sixth Amendment rights until more recently. However, even assuming that Pagan asserted his Sixth Amendment rights in November 2015, this factor is outweighed by the other Barker factors.

      Finally, the Court evaluates any prejudice to Pagan from delay.

> "Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."

Barker, 407 U.S. at 532.

      The prejudice to Pagan from further delay appears to be that he is currently in custody awaiting trial and may feel anxiety and concern. Prejudice to Pagan from additional pretrial incarceration does, nonetheless, weigh in favor of requiring severance.[2]

---

[2] In defendant's reply brief, he argues, for the first time, that he will be prejudiced because he has a "markedly different degree[] of culpability" from his codefendants. Reply at 3. The Government has not had opportunity to respond to this argument because Pagan omitted it from his initial motion. However, it does not appear to have merit.

The Ninth Circuit has recognized prejudice where the jury hears evidence about one codefendant, which may "spillover" to prejudice another. United States v. Lazarenko, 564 F.3d 1026, 1043 (9th Cir. 2009). However, "[i]n assessing the prejudice to a defendant from the spillover of incriminating evidence, the primary consideration is whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view of its volume and the limited admissibility of some of the evidence." United States v. Cuozzo, 962 F.2d 945, 950 (9th Cir. 1992) (internal quotations omitted). In support of this new argument regarding his relative culpability, Pagan cites only the number of charges against him and the fact that he is charged with conspiracy counts rather than "substantive" counts. Reply at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

No Barker factor is necessarily dispositive. In balancing the Barker factors, "courts must still engage in a difficult and sensitive balancing process." Barker, 407 U.S. at 533. "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances." Id. at 522 (quoting Beavers v. Haubert, 198 U.S. 77, 87 (1905)). The Court does not take lightly the fact that Pagan is in custody awaiting trial. Nonetheless, the approximately 17-month delay from January 26, 2016, until June 13, 2017, is reasonable in light of the complexity of the case, the preparation it requires, and the number of codefendants. Accordingly, the Court concludes that a further continuance of trial from November 1, 2016, until June 13, 2017, does not violate defendant's Sixth Amendment right to a speedy trial.

### IV. CONCLUSION

Defendant's motion for severance is **DENIED** and the Court's order continuing the trial for all remaining defendants until June 13, 2017, remains in effect.

IT IS SO ORDERED.

|                          | 00  | : | 10  |
|--------------------------|-----|---|-----|
| Initials of Deputy Clerk |     | CMJ |   |

---

3. However, the indictment alleges that Pagan played a role in a complex criminal enterprise and the conspiracy allegations against Pagan are serious. In conspiracy cases, much of the evidence that is admissible against on defendant is admissible against the others, and Pagan does not direct the Court to any specific evidence that would unfairly prejudice him at trial. Based on the indictment alone, there do not appear to be grounds to conclude that Pagan's right to a fair trial is in jeopardy. Accordingly, for purposes of this motion, the Court concludes that the charging differences to which defendant refers are not sufficient to demonstrate prejudice militating in favor of severance.