UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL        'O'**

| Case No. | 2:14-cr-00684-CAS | | Date | November 21, 2016 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |
| Catherine Jeang | | Not Present | | Benjamin Barron, Not Present |
| *Deputy Clerk* | | *Court Reporter/Recorder, Tape No.* | | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust | Bond | Attorneys for Defendants: | Present | Appt | Ret |
|---|---|---|---|---|---|---|---|
| 18) Ashley Pagan | Not | X | | 18) Anthony Eaglin | Not | X | |

**Proceedings:**   (IN CHAMBERS) - GOVERNMENT'S MOTION FOR RECONSIDERATION (Filed September 27, 2016, Dkt. 933)

## I.   INTRODUCTION AND BACKGROUND

On December 3, 2014, a grand jury returned a 45-count indictment against 38 defendants. The indictment charges Ashley Pagan in Count 1 with Racketeer Influenced Corrupt Organizations Conspiracy ("RICO Conspiracy"), in violation of 18 U.S.C. § 1962(d), and in Count 4 with Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846.1.  Dkt. 1.

On September 1, 2015, in order to enhance Pagan's potential sentence, the Government filed an Information pursuant to 21 U.S.C. § 851 about Pagan's prior felony drug conviction in California state court.  Dkt. 625 ("the Information").  The Information provides that, as a result of Case Number BA195473 in Los Angeles Superior Court, Pagan was convicted of Possession of a Controlled Substance (cocaine) in violation of California Health and Safety Code Section 11350(a).  Id.

On December 2, 2015, a California Superior Court reduced Pagan's prior felony drug conviction to a misdemeanor pursuant to California's Proposition 47, California Penal Code § 1170.18.  Dkt. 746 Ex. B.  In light of the reduction of Pagan's prior conviction, on February 5, 2016, Pagan filed a motion to dismiss the Information, arguing that Pagan's sentence could no longer be enhanced by his prior conviction because his conviction was no longer a "felony drug conviction" within the meaning of 21 U.S.C. § 841.  Dkt. 746.  At the time, this case was before Judge Pregerson.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**              **'O'**

On April 1, 2016, the Judge Pregerson granted Pagan's motion to dismiss the Information. Dkt. 786.

On September 27, 2016, the Government filed the instant motion for reconsideration of the Court's order dismissing the Information. Dkt. 933. On October 24, 2016, Pagan filed an opposition. Dkt. 959. On October 28, 2016, the Government filed a reply in support of its motion. Dkt. 968.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18.

## III.   DISCUSSION

Mandatory minimum sentences apply where people commit certain federal offenses "after a prior conviction for a *felony drug offense* has *become final*." 21 U.S.C. § 841(b)(1)(B) (emphasis added). 21 U.S.C. § 802(44) provides that the "term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year . . . ." On April 1, 2016, the Court dismissed the Information filed by the Government reasoning that, in light of the Pagan's resentencing in state court to a misdemeanor, Pagan's prior conviction falls outside the definition of § 802(44) and the sentencing enhancement of § 841 because it is not *currently* punishable by imprisonment for more than one year.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL            'O'**

    The Government contends that a recent decision of the Ninth Circuit in <u>United States v. Diaz</u>, 838 F.3d 968 (9th Cir. Sept. 21, 2016), is controlling here and requires reconsideration of the Court's prior order.

    In <u>Diaz</u>, the defendant (Vazquez) was convicted of violating 21 U.S.C. § 841 and sentenced pursuant to the mandatory sentencing enhancement applicable to defendants with prior convictions for "felony drug offense[s]." <u>Id.</u> at 971.  While Vasquez was serving his sentence and his case was on appeal, California voters passed Proposition 47, permitting people convicted of certain felonies to petition to have them reclassified as misdemeanors.  <u>Id.</u>  Vasquez petitioned the Los Angeles Superior Court to recall one of his prior convictions and the state court resentenced him to a misdemeanor.  <u>Id.</u>  Vazquez filed a supplemental brief to the Ninth Circuit Court of Appeals requesting that it consider the impact of his resentencing in state court as part of his federal appeal.  <u>Id.</u> fn. 2.  The Ninth Circuit, relying on <u>McNeill v. United States</u>, 563 U.S. 816 (2011), observed that § 841 presents a "backward looking" inquiry regarding whether the defendant committed his federal crime after his prior convictions "have become final." <u>Id.</u> at 973 (quoting 21 U.S.C. § 841(b)(1)(A)) (emphasis in original).  As the court explained, "a state making a change to a state conviction, after it has become final, 'does not alter the historical fact of the [prior state] conviction' becoming final – which is what § 841 requires." <u>Id.</u> at 974 (quoting <u>United States v. Dyke</u>, 718 F.3d 1282, 1293 (10th Cir. 2013), cert. denied, ––– U.S. –––, 134 S.Ct. 365 (2013)).  Accordingly, the Ninth Circuit held that:

> California's Proposition 47, offering post-conviction relief by reclassifying certain past felony convictions as misdemeanors, does not undermine a prior conviction's felony-status for purposes of § 841.  California's later actions cannot change the fact that [the defendant] committed his federal offense," after his state felony convictions became final.

<u>Id.</u> at 975.  "Proposition 47 does not change the historical fact" of a defendant's felony drug convictions having become final.  <u>Id.</u> at 971.

    The Court agrees that <u>Diaz</u> is controlling here.  Defendant argues here that <u>Diaz</u> is inapplicable to this case because the defendant in <u>Diaz</u> had already been sentenced to the enhancement under § 841.  In this case, Pagan argues, the Court is not called upon to revisit a prior sentence.  Defendant argues that the holding of <u>Diaz</u> is "limit to" cases where a court must "revisit" a sentence imposed pursuant to § 841.  Opp'n at 3.  Defendant relies upon a sentence in <u>Diaz</u> where the Ninth Circuit observed that it has "never specifically addressed whether a state that permits reclassifying particular felony

convictions as misdemeanors requires a federal court to **revisit** a federal sentence enhancement imposed under § 841." Diaz, 838F.3d at 973 (emphasis defendant's). However, nothing in the court's decision in Diaz limits its holding to its post-sentencing procedural context. Nor does the procedural posture of Diaz distinguish its holding and reasoning from the legal question presented here.

    The Court was aware at the time of its original order that at least one district court had declined to revisit a prior sentence based similar reasoning to that adopted in Diaz. The parties briefed it at the time of defendant's original motion. See United States v. Spearman, 93-cr-01027-TJH (November 30, 2015), Dkt. No. 756 Ex. A. In Spearman, as in Diaz, the court focused its analysis upon when a conviction became "final" within the meaning of § 841. Id. In its prior order, the Court acknowledged Spearman, but reasoned that the relevant statutory language was not when a conviction became "final," but rather whether defendant's conviction "*is* punishable by imprisonment for more than one year." Dkt. 746 (quoting 21 U.S.C. § 802(44), defining "felony drug offense") (emphasis in Court's previous order). The Court observed that:

> § 802(44) defines a "felony drug offense" in the present sense, meaning that the prior offense must be one that "**is**" punishable by imprisonment of more than a year — and Defendant's alleged crime is no longer punishable as a felony in California after Proposition 47.

Id. (emphasis in Court's previous order).

    However, the Ninth Circuit, acknowledging the definition of "felony drug offense" in § 802(44), has nonetheless concluded that a Proposition 47 petition has "no bearing" on the application of § 841 after a prior state court conviction becomes "final." Diaz, 838 F.3d at 972. Pagan's prior conviction, like Vasquez's in Diaz, *is* not, today, punishable by imprisonment for more than one year. However, Diaz held that the § 841 inquiry is a "backward-looking" one, in which the court must examine whether a felony drug offense conviction was "final" at the time of the subsequent federal offense. Accordingly, the Court's previous reasoning is now foreclosed by Diaz. See also United States v. Garcia, 2:14-cr-00429-JAK (October 25, 2016), Dkt. 969 Ex. A (concluding that Diaz is controlling in this procedural posture).

    In light of newly established and controlling Ninth Circuit law, the Court reconsiders its prior holding in this matter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL        'O'

### IV. CONCLUSION

The Government's motion for reconsideration is **GRANTED**. The Court's previous order on this matter, Dkt. 786, is vacated. The Information, Dkt. 625, will be considered properly before the Court.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Deputy Clerk | CMJ | |